UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEWART JONES, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:19-CV-03238 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| 24 HOUR FITNESS USA | § | |
| INC *et al*, | § | |
| Defendant. | § | |

OPINION AND ORDER DENYING MOTION TO REMAND

The Court finds that *pro se* Plaintiff Stewart Jones has improperly joined Defendants Clara Nwandu and LJ McGowan. His motion seeking remand is denied. Dkt 6.

Nwandu and McGowan are dismissed without prejudice. Defendant 24 Hour Fitness remains in this action.

1. Background

Jones was a 24 Hour Fitness gym member until September 2017, when his membership was terminated for improper behavior. Dkt 1-9 at ¶ 70. Nwandu was the club's general manager, and McGowan was the district manager.

Jones and 24 Hour Fitness dispute who harassed whom. Jones alleges that Nwandu verbally harassed him over a period of several months. Id at ¶ 30. 24 Hour Fitness asserts that it was Jones who repeatedly harassed its employees. Dkt 8 at 1–2.

But it is not in dispute that Jones eventually gave the following handwritten note to Nwandu: "Don't waste your time attempting to talk to me. Instead, you might want to get on the treadmill and exercise each day. It doesn't make sense for a gym manager to be completely out of shape. You look pregnant." Id

at 2; Dkt 1-9 at ¶ 19. Days later, 24 Hour Fitness terminated his membership. Dkt 1-9 at ¶ 55–61.

Jones filed suit in state court against 24 Hour Fitness, Nwandu, and McGowan. His petition included a plea for damages of $200,000.

Jones, Nwandu, and McGowan are citizens of Texas. 24 Hour Fitness is a citizen of California. It removed the action based on diversity jurisdiction, arguing improper joinder of Nwandu and McGowan. Dkt 1.

Jones moved to remand. Dkt 6. The Court heard argument on his motion.

### 2. Legal standard

The court must liberally construe the filings of *pro se* litigants. Even so, *pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level. *Coleman v United States*, 912 F3d 824, 828 (5th Cir 2019) (citations and quotations omitted).

A federal court has subject matter jurisdiction over a civil action where there is diversity jurisdiction. 28 USC § 1332(a). This requires complete diversity of citizenship and at least $75,000 in controversy. Ibid.

*Complete diversity* means that no plaintiff may be a citizen of the same state or foreign state as one of the defendants. See *Harvey v Grey Wolf Drilling Co*, 542 F3d 1077, 1079 (5th Cir 2008). The Fifth Circuit instructs that proper assessment of complete diversity disregards improperly joined parties. See *Cuevas v BAC Home Loans Servicing LP*, 648 F3d 242, 249 (5th Cir 2011). It is improper to join a party against whom the plaintiff cannot bring a claim. *Smallwood v Illinois Central Railroad Co*, 385 F3d 568, 573 (5th Cir 2004). When a court finds that a defendant has been improperly joined, it must dismiss that party without prejudice. *International Energy Ventures Management LLC v United Energy Group Ltd*, 818 F3d 193, 209 (5th Cir 2016).

On motion to remand after removal upon assertion of diversity jurisdiction, federal courts determine the *amount in controversy* in light of "the claims in the state court petition as they

existed at the time of removal." *Manguno v Prudential Property and Casualty Insurance Co*, 276 F3d 720, 723 (5th Cir 2002). The amount alleged in the state court petition thus typically determines the amount in controversy, so long as it was pleaded in good faith. *Allen v R & H Oil & Gas Co*, 63 F3d 1326, 1335 (5th Cir 1995) (citation omitted). If on the face of the state court petition or by a preponderance of the evidence a defendant shows that the amount in controversy exceeds $75,000, the plaintiff may obtain remand only by showing with legal certainty that the claims alleged are for less than $75,000. *De Aguilar v Boeing Co*, 47 F3d 1404, 1412 (5th Cir 1995).

3.  Analysis

    a.  Complete diversity

Jones asserts three state-law claims against Nwandu and McGowan: violation of his free-speech rights, breach of contract, and libel. None are valid as pleaded against them, and so they are not viably a part of this lawsuit. Complete diversity thus exists and supports this Court's jurisdiction.

*As to the freedom of speech claim.* Jones bases his freedom-of-speech claim on Article I of the Texas Constitution. Dkt 1-9 at ¶ 31. This provision applies only to the government, not private individuals or corporations. See *Republican Party of Texas v Dietz*, 940 SW2d 86, 89–90 (Tex 1997).

The same is true for the speech protections found in the US Constitution. See *Hudgens v NLRB*, 424 US 507, 513 (1976). But had Jones brought his claim under the First Amendment, federal question jurisdiction would undoubtedly exist. 28 USC § 1331; *Caterpillar Inc v Williams*, 482 US 386, 392 (1987).

This claim fails.

*As to the breach of contract claim.* To sustain a claim for breach of contract, a plaintiff must plead the existence of a valid contract. *Pathfinder Oil & Gas Inc v Great Western Drilling Ltd*, 574 SW3d 882, 890 (Tex 2019). Jones does not allege the existence of a contract with Nwandu or McGowan. At hearing, he confirmed he did not have a contract with either of them.

This claim also fails.

*As to the libel claim.* In a suit by a private person against a non-media defendant, the elements for a defamation claim are:

- o The publication of a statement of fact to a third party;
- o That was defamatory concerning the plaintiff;
- o While acting with negligence in regard to the truth of the statement.

See *In re Lipsky,* 460 SW3d 579, 593 (Tex 2015).

A statement is *defamatory* if the words tend to injure a person's reputation, exposing the person to public hatred, contempt, ridicule, or financial injury. *Austin v Inet Technologies Inc*, 118 SW3d 491, 496 (Tex App—Dallas 2003). Courts require "more particular pleading" for defamation claims to allow the opposing party to raise the appropriate defenses. *Moyer v Jos A Bank Clothiers Inc,* 2013 WL 4434901, *6 (ND Tex 2013), quoting *Jackson v Dallas Independent School District,* 1998 WL 386158, *5 (ND Tex), *affirmed,* 232 F3d 210 (5th Cir 2000). "To recover on such a claim, the plaintiff must identify the alleged defamatory statement and the speaker." *Ameen v Merck & Co*, 226 F App'x 363, 370 (5th Cir 2007). The claim must also "state the time and place of the publication." *Moyer*, 2013 WL 4434901 at *6, quoting *Jackson*, 1998 WL 386158 at *5.

Jones pleads multiple scenarios that could potentially support a claim for defamation.

He first describes an encounter with two 24 Hour Fitness employees—Janice and Yessica. Dkt 1-9 at ¶¶ 33-54. He alleges that Janice and Yessica had a conversation about Jones. He also alleges that Janice and Jessica told "vicious lies" about him. Id at ¶ 71. But neither are defendants. Their statements cannot support a libel claim in this action.

Jones next describes a telephone conversation with McGowan. Id at ¶¶ 55-67. This conversation alone cannot support a defamation claim. Defamatory statements are *published* only if they are communicated orally, in writing, or in print to some third person capable of understanding their defamatory import and in such a way that the third person did so understand.

*Austin*, 118 SW3d at 496. Jones makes no specific allegation that McGowan said anything at all about Jones to any third party.

Jones makes other conclusory allegations that Nwandu "is a total liar" and that 24 Hour Fitness "staff had slandered, committed libel, maligned and defamed his reputation and character with blatant lies to cancel his contract." Dkt 1-9 at ¶¶ 64, 66. He also suggests that Nwandu told McGowan "vicious lies" about him. Id at ¶ 71. But he neither quotes nor paraphrases any particular statement. *Ameen*, 226 F App'x at 370. He also gives no indication as to whom Nwandu made these statements, when she made them, or where. *Moyer*, 2013 WL 4434901 at *6. Even construing the complaint liberally, Jones has not pleaded factual allegations that raise the right to relief above the speculative level. *Coleman*, 912 F3d at 828.

At hearing, Jones last suggested that Nwandu and McGowan entered incorrect information about him into the company's computer system, which was then accessible by all 24 Hour Fitness employees. At hearing, Jones could not articulate what the statements were or who accessed them. This, too, is insufficient.

Jones has not pleaded with the required particularity to support a claim for libel. *Moyer*, 2013 WL 4434901 at *6. This claim fails.

b.    Amount in controversy

Jones purports to dispute in his motion that the amount in controversy exceeds $75,000. 24 Hour Fitness points to his amended state court petition, which includes a specification of damages stating: "Plaintiff seeks Actual, Special and Punitive Damages at the states minimum amount of $200,000 dollars." Dkt 1-9 at ¶ 1. The petition also includes statement seeking exemplary damages, along with damages for emotional distress and other injuries and expenses. Id at ¶¶ 77–79.

Jones asserts that the Court cannot definitively conclude he will be awarded more than $75,000 because his requested damages are only speculative. Dkt 6 at ¶ 9. But his motion itself confirms that he "is leaving it up to the Jury to award punitive

damages hopefully totaling upwards of $200,000 dollars" and "would like to receive $200,000 dollars." Ibid. He repeats this in his reply. Dkt 10 at ¶ 6.

This plainly establishes a sufficient amount in controversy. Jones cannot show to a legal certainty that his claims are for less than $75,000, and so he cannot obtain remand on this basis. *De Aguilar*, 47 F3d at 1412.

### c. Perfection of removal

Removal is governed by 28 USC § 1446. Section 1446(a) requires a removing party to file a notice of removal "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

Jones asserts that 24 Hour Fitness erred by not including the entire state court record with its notice of removal. He also complains that 24 Hour Fitness did not provide certified copies. But the statute imposes neither requirement upon the removing party. Regardless, Jones points to no specific document that 24 Hour Fitness failed to attach or that is not authentic.

Jones refers also to Sections 1447 and 1449. The latter pertains to the potential ultimate need for authentic state-court records in federal disputes. Even there, actual certified copies are not necessary, but may instead be "supplied by affidavit or otherwise." 28 USC § 1449. The former simply describes procedure in the federal court after removal, indicating that the court "may require the removing party to file with its clerk copies of all records and proceedings in such State court . . . ." 28 USC § 1447(b). That imposes no requirement to supply the entire record in the first instance.

The Court finds that 24 Hour Fitness has complied with the requirements of the removal statute. Even if 24 Hour Fitness did somehow fail to conform to these procedural rules, it would not amount to a jurisdictional defect. See Wright, Miller & Kane, *Federal Practice and Procedure* § 3733 (Rev 4th ed).

### 4. Conclusion

Nwandu and McGowan are DISMISSED WITHOUT PREJUDICE. 24 Hour Fitness remains a defendant in this action.

The Court DENIES the motion to remand. Dkt 4.

SO ORDERED.

Signed on March 19, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge